**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA f/u/b/o** ) | |
| **STROMBERG METAL WORKS, INC.** ) | |
| **6701 Distribution Drive** ) | |
| **Beltsville, MD 20705** ) | |
| ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | **Case No.: _____** |
| ) | |
| **LIBERTY MUTUAL INSURANCE COMPANY** ) | |
| **175 Berkeley Street** ) | |
| **Boston, MA 02116** ) | |
| ) | |
| **SERVE:     Corporation Service Company** ) | |
| **1090 Vermont Ave., NW, Suite 430** ) | |
| **Washington, DC 20005** ) | |
| ) | |
| **AND** ) | |
| ) | |
| **Corporation Service Company** ) | |
| **84 State St.** ) | |
| **Boston, MA 02109** ) | |
| ) | |
| **Defendant** ) | |
| ) | |

## COMPLAINT

Plaintiff, Stromberg Metal Works, Inc. ("Stromberg"), by its undersigned attorneys, sets

forth the following cause of action against Defendant, Liberty Mutual Insurance Company

("Liberty Mutual"), and in support thereof states as follows:

### THE PARTIES

1.     Stromberg is a corporation organized and existing under the laws of the State of

Maryland with its principal place of business in Beltsville, Maryland.

2.      Upon information and belief, Defendant, Liberty Mutual, is a corporation

organized and existing under the laws of the Commonwealth of Massachusetts with its

principal place of business in Boston, Massachusetts.  Liberty Mutual is a commercial surety

company that issues, among other things, payment and performance bonds on private and

public construction projects in the District of Columbia.

## JURISDICTION

3.      This Court has jurisdiction pursuant to the provisions of the Federal Miller Act,

40 U.S.C. § 3133, as the bond upon which this Complaint is based was issued pursuant to the

provisions of the Federal Miller Act, 40 U.S.C. § 3131.

4.      This Court also has jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are

completely diverse of citizenship.

## VENUE

5.      Venue is appropriate pursuant to the provisions of the Federal Miller Act, 40

U.S.C. § 3133, as the construction project which is the subject of this Complaint was located

in Washington, D.C.

## BACKGROUND FACTS

6.      Upon information and belief, the United States Department of Veteran Affairs

(the "Owner" or "VA") executed a contract (the "Prime Contract") with Homeland Security

Construction Company ("Homeland" or "Prime Contractor") for a project referred to as the

Veterans Administration Medical Center – Ward 4C Patient Ward Expansion Project (the

"Project").

7.      The Project involved renovation of Ward 4C, which is a section of the fourth floor

at the Veterans Administration Medical Center located at 50 Irving Street NW, Washington,

D.C. 20422.  Ward 4C consists of patient rooms, corridors, office space and interior staff and lounge/waiting areas.

8.      As a condition of the Prime Contract, and to secure the faithful performance of the same, Homeland, as principal, executed and delivered to the VA a labor and material payment bond, no. 017-034-488, (the "Bond") with Liberty Mutual as surety.  (Exhibit 1).

9.      The Prime Contractor subcontracted the mechanical and plumbing services work on the Project to General & Mechanical Services, Inc. ("GMS").  GMS subcontracted Stromberg to perform the furnishing and installation of all labor and materials for heating, ventilation and air conditioning ("HVAC") ductwork on the Project (the "Subcontract").

10.     Stromberg's scope of work included demolition of existing ductwork that would be replaced with new ductwork supplied by Stromberg and installed by Stromberg at the Project site.  As work of other trades neared completion, Stromberg would install ductwork, registers, grills and diffusers to complete its scope of work.  Stromberg's work on the Project was planned to be substantially complete by July 14, 2011.

11.     The entirety of the Project was impacted by lack of access to work areas, disruptions, and unforeseen conditions, all of which impacted Stromberg's Subcontract performance.  As a result, Stromberg could not install ductwork in a reasonably continuous and efficient matter, and the Project was built in a piecemeal, start/stop and disrupted fashion through no fault of Stromberg.  The piecemeal availability of work areas (and encountered obstructions) caused multiple impacts to Stromberg's work and disrupted the Subcontract work due to site mobilizations, demobilizations and remobilizations.

12.     As a result of these foregoing impacts, Stromberg incurred significant additional costs to perform the required work on the Project.  In addition, Stromberg performed certain work or extra work for which it submitted claims but was not paid.

13.     Stromberg submitted a claim to GMS dated September 10, 2013, for additional costs/damages incurred and those projected to be incurred because the Project was not yet complete (hereinafter "Claim").  The costs/damages set forth in Stromberg's Claim included, but were not limited to labor inefficiency, wage escalation and extended performance costs. Upon information and belief, GMS passed-through both the Claim and Revised Claim to Homeland.

14.     On September 16, 2014, Stromberg submitted a revised claim (the "Revised Claim") to GMS for costs/damages related to labor inefficiency, wage escalation and extended performance costs on the Project.  The Revised Claim modified the amount sought to $305,024.00.

15.     Stromberg has substantially completed performance of its work on the Project, but has not been paid costs set forth in its Revised Claim.

16.     Pursuant to the provisions of 40 U.S.C. § 3133(b)(2), Stromberg provided timely notice of its claim to Liberty Mutual and Homeland.  A copy of Stromberg's Notice of Claim is attached hereto and incorporated by reference herein as Exhibit 2.

17.     All conditions precedent required to bring this action have been fulfilled by Stromberg, including but not limited to commencing the action no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action.

## COUNT I

### (Action on Payment Bond)

18.    Stromberg adopts and incorporates by reference herein its averments contained in Paragraphs One (1) through Seventeen (17) as stated above.

19.    Homeland, as principal, and Liberty Mutual, as surety, executed and delivered the Bond to the VA for the protection of all persons having a direct contractual relationship with Homeland or with any of Homeland's subcontractors, including GMS, for the furnishing of labor and/or materials on the Project.

20.    As Stromberg is a subcontractor to GMS on the Project, Stromberg is protected by the Bond.

21.    Under the terms of the Bond, Liberty Mutual is liable to Stromberg for all unpaid monies due and owing to Stromberg as described herein.

22.    Stromberg has complied with all notice and filing requirements of 40 U.S.C. § 3133(b)(2) et. seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Stromberg Metal Works, Inc., demands judgment against Defendant, Liberty Mutual Insurance Company, in an amount in excess of Three Hundred Thousand Dollars, which amount will be proven at trial, plus interest and court costs, and for such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Stromberg demands trial by jury in this action of all issues so triable.

Date: June 25, 2015

                                                    Respectfully submitted,

                                                    STROMBERG METAL WORKS, INC.

By Counsel:


                                                    ____/s/ Robert D. Windus_____
                                                    Robert D. Windus, Esq. (#436660)
                                                    MOORE & LEE, LLP
                                                    1751 Pinnacle Drive, Suite 1100
                                                    McLean, VA 22102
                                                    (703) 506-2050 Telephone
                                                    (703) 506-2051 Facsimile
                                                    r.windus@mooreandlee.com